IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-111-FL

| | |
|---|---|
| PATRICIA LIPSCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ORKIN, INC. and ROLLINS, INC., | )    ORDER |
| | ) |
| Defendants. | ) |

This matter comes now before the court on the motion for summary judgment (DE 14) pursuant to Rule 56 of the Federal Rules of Civil Procedure, on behalf of defendants Orkin, Inc. ("Orkin") and Rollins, Inc. ("Rollins") (collectively, "defendants"). Plaintiff has not responded, and the deadline for response has passed. In this posture, issues raised are ripe for adjudication. For the following reasons, the court grants the motion.

**BACKGROUND**

Plaintiff, a citizen and resident of Wake County, North Carolina, commenced this action on August 31, 2012, with the filing of complaint against defendants in Superior Court Division of Wake County, North Carolina. (Compl. 1, DE 1-2, Ex. B). The complaint alleges a claim for negligence based on the inhalation of pesticide being applied by defendants at 3301 Terminal Drive, Raleigh, North Carolina on August 29, 2009. (Id.) The complaint seeks damages including "Compensatory damages exceeding $10,000," attorney's fees, interest, and any other relief the court finds "equitable and just." (Compl. 2-3). Defendants filed answer on November 5, 2012. (Ans. 1, DE 1-2, Ex. B).

1

On or about February 7, 2013, plaintiff served on defendants a Response to Request for Statement of Monetary Relief Sought, stating that plaintiff sought approximately $500,000 in relief. (Pl.'s Resp. To Request 1, DE 1-1). Defendants then removed the case to this court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because the parties had diversity of citizenship and the amount in controversy exceeded $75,000. (Notice of Removal, ¶5, DE 1).

On February 11, 2014, defendants filed a joint motion for summary judgment pursuant to Rule 56, incorporating a memorandum of law with its motion. (DE 14).[1] As noted, plaintiff has not responded to the motion, and the deadline for response has passed.

Defendants' answer admitted only that Orkin is a limited liability company doing business in Wake County, that Rollins is a Delaware corporation, that Orkin is a wholly owned subsidiary of Rollins, and that Orkin applied pesticide at a site located at 3301 Terminal Drive in Raleigh, North Carolina on or about August 31, 2009. (Ans. 1-2). These appear to be the only facts that the parties do not dispute.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other discovery materials properly before the court demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is

---

[1] Defendants did not submit any other supporting documentation to their motion for summary judgment.

sufficient evidence for a reasonable jury to find for the non-moving party). "[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

B.   Analysis

Under North Carolina law, "The plaintiff is required to offer legal evidence tending to establish beyond a mere speculation or conjecture every essential element of negligence." Heuay v. Halifax Constr. Co., 254 N.C. 252, 253 (1961).[2] The "essential elements of negligence" are "duty, breach of duty, proximate cause, and damages." Camalier v. Jeffries, 340 N.C. 699, 706 (1995).

"Proximate cause" is defined as:

---

[2] Because this is a diversity action, North Carolina law governs plaintiff's negligence claim. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005).

3

> a cause which in natural and continuous sequence, unbroken by any
> new and independent cause, produced the plaintiff's injuries, and
> without which the injuries would not have occurred, and one from
> which a person of ordinary prudence could have reasonably foreseen
> that such a result, or consequence of a generally injurious nature, was
> probable under all the facts as they existed.

Adams v. Mills, 312 N.C. 181, 192-93 (1984) (internal quotation omitted).

To prove that injury was caused by exposure to a specified substance, a "plaintiff must demonstrate the levels of exposure that are hazardous to human beings generally as well as the plaintiff's actual level of exposure." Westberry v. Gislaved Gummi AB, 178 F.3d 257, 263 (4th Cir. 1999) (internal citation and quotation marks omitted). "Generally, this requires relevant and reliable expert testimony." Zellers v. NexTech Northeast, LLC, 533 F. App'x 192, 196 (4th Cir. 2013) (citing Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001)). In addition, "[w]here a layman can have no well-founded knowledge and can do no more than indulge in mere speculation (as to the cause of a physical condition), there is no proper foundation for a finding by the trier without expert medical testimony." Gilliken v. Burbage, 263 N.C. 317, 325 (1965) (internal quotation marks omitted); see also Holley v. ACTS, Inc., 357 N.C. 228, 234 (2003) ("When dealing with a complicated medical question such as the genesis of [deep vein thrombrosis], expert medical testimony is necessary to provide a proper foundation for the [North Carolina Industrial] Commission's findings [as to causation]."). Courts have found that expert testimony was necessary to avoid speculation in certain actions where a party claimed injury by exposure to an airborne toxin. See Philipp v. GEO Group, Inc., No. 5:09-CT-3115-FL, 2012 WL 5392120, at *7 (E.D.N.C. Nov. 5, 2012); Anderson v. Hous. Auth. of City of Raleigh, 169 N.C. App. 167, 172 (2005).

Defendants argue that plaintiff cannot establish causation, noting in particular plaintiff's failure to forecast any expert testimony by the expert disclosure deadline. In doing so, defendants

4

have carried their burden "of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Plaintiff was then obligated to set forth specific facts showing a genuine issue on causation. Matsushita Elec. Indus., 475 U.S. at 586-87. Yet plaintiff has failed to provide any facts whatsoever, whether offered through an expert or otherwise. Accordingly, summary judgment is appropriate.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion for summary judgment (DE 14). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 14th day of July, 2014.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge